## Musser v. Watt & Shand.

*Trespass—Set-off—Practice Act of May 14, 1915.*

1. There is no provision in the Practice Act of May 14, 1915, P. L. 483, relating to counter-claims in actions of trespass.

2. It is true that matters sounding in tort may be taken advantage of when they arise out of the same transaction; but when the defendant denies the plaintiff's right of action, it follows that there can be no counter-claim.

Rule to strike off defendant's affidavit of defence. C. P. Lancaster Co., May T., 1924, No. 24.

*Paul A. Mueller,* for rule; *Charles G. Baker* and *John A. Coyle,* contra.

LANDIS, P. J., Dec. 20, 1924.—This case arises out of an automobile accident. The statement filed by the plaintiff alleges that on March 21, 1924, while he was driving his Buick automobile on Columbia Avenue, going west, a truck belonging to the defendant corporation, operated by its agents, turned east from Ruby Street on to Columbia Avenue, was driven suddenly to the north side of the street before the plaintiff's car, and a collision ensued.

The defendant filed an affidavit of defence, denying all liability for the accident, and, in addition, made a counter-claim to the amount of $63.65. Thereupon counsel for plaintiff asked us to strike off the affidavit of defence for the reason that such a claim cannot be made in an action of trespass.

Section 14 of the Practice Act of May 14, 1915, P. L. 483, provides that "in actions of *assumpsit,* a defendant may set off, or set up by way of counter-claim, against the claim of the plaintiff, any right or claim for which an action of *assumpsit* would lie." There is no provision in the act relating to counter-claims in actions of trespass, and it follows that the defendant cannot in such a case maintain the counter-claim under the act.

It is true that matters sounding in tort may be taken advantage of when they arise out of the same transaction: Gogel *v.* Jacoby, 5 S. & R. 117. Here, however, the defendant denies the plaintiff's right of action. It avers that the defendant was not negligent and is not answerable for the results of the accident. If the plaintiff has no right of action, how can there be a counter-claim? Although all facts can be presented as a matter of the defence, no claim could be certified in favor of the defendant. Therefore, we think the eleventh paragraph of the affidavit of defence is not good, but the rest of the answers seem to be properly pleaded.

The eleventh paragraph is directed to be stricken out of the affidavit of defence, but the rule as to the balance of the affidavit is now discharged.

As modified, the rule is discharged.

From George Ross Eshleman, Lancaster, Pa.